IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE EDWARD FARMER,

Petitioner,

v.

G.H. BALDWIN, Superintendent, Eastern Oregon Correctional Institution,

Respondent.

Civ. No. 02-1565-AA

OPINION AND ORDER

---

Lisa Hay
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204
Attorney for Petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
Attorneys for Respondent

AIKEN, Judge:

Petitioner, an inmate at Eastern Oregon Correctional Institution, brings a Second Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons given below, the petition is denied and this case is dismissed.

BACKGROUND

After trial by jury, petitioner was convicted of murder for the shooting and killing of Remaldo Lugo, the boyfriend of petitioner's estranged wife. The trial court sentenced petitioner to a term of life imprisonment with a minimum sentence of twenty-five years. Resp. Ex. 101. Petitioner appealed his sentence but did not raise any claims related to his conviction. Resp. Exs. 103, 105. The Oregon Court of Appeals affirmed petitioner's conviction but remanded the case for resentencing. State v. Farmer, 116 Or. App. 673, 842 P.2d 465 (1992). On review, the Oregon Supreme Court reversed the sentencing decision of the Oregon Court of Appeals and affirmed the judgment of the trial court. State v. Farmer, 317 Or. 220, 856 P.2d 623 (1993).

Petitioner sought post-conviction relief (PCR) in Umatilla County Circuit Court, alleging an unlawful sentence, ineffective assistance of trial and appellate counsel, and violations of his rights against unreasonable search and seizure and to due process. Resp. Ex. 109. After a bench trial, the PCR court denied relief on all claims. Resp. Exs. 139, 142-43.

Petitioner appealed the PCR court's decision, and his counsel filed an appellate brief with the Oregon Court of Appeals pursuant to the procedure outlined in State v. Balfour, 311 Or. 434, 451, 814 P.2d 1069 (1991). Under Balfour, if a petitioner seeks to raise claims that counsel considers to be frivolous, a brief may be submitted containing a "Section A" including a statement of the case and facts signed by counsel, and a "Section B" raising requested claims of error signed only by petitioner. Balfour, 311 Or. at 451-52, 814 P.2d 1069. Rather than submit a Section B briefing identifying claims of error or relevant legal issues, petitioner chose to attach a copy of his amended PCR petition to counsel's Section A briefing. Resp. Ex. 145. The Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Farmer v. Baldwin, 182 Or. App. 292, 49 P.3d 851, rev. denied, 334 Or. 631, 54 P.3d 1041 (2002).

DISCUSSION

In his Second Amended Petition for federal habeas relief, petitioner asserts twelve grounds for relief based on ineffective assistance of trial and appellate counsel under the Sixth and Fourteenth Amendment to the United States Constitution. Petitioner also seeks relief on grounds that his sentence violated his rights against self-incrimination and due process under the Fifth and Fourteenth Amendments, and that the prosecutor engaged in misconduct during trial in violation of his right to due process

under the Fourteenth Amendment.[1]

Respondent argues that federal review of petitioner's claims is barred, because petitioner did not present his federal constitutional claims to the highest state court and is now procedurally barred from doing so. Petitioner responds that his claims were fairly presented to the Oregon Supreme Court, because he attached his amended PCR petition to his appellate brief with the Oregon Court of Appeals, and his petition for review with the Oregon Supreme Court referenced the allegations contained in his amended PCR petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state habeas petitioner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982). In so doing, a state prisoner must "fairly present" the federal claim to the highest state court and "include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the

---

[1]I note that petitioner's memorandum in support of his federal habeas claims presents argument in support of only three claims of ineffective assistance of trial counsel (failure to advise petitioner of the elements of intentional murder and the defense of extreme emotional distress, failure to object to the prosecutor's questioning of a police officer regarding petitioner's invocation of his right to counsel, and failure to object to the trial court's enhancement of his sentence based on petitioner's invocation of his right to silence) and only briefly mentions petitioner's claims of ineffective assistance of appellate counsel.

petitioner to relief." Gray v. Netherland, 518 U.S. 152, 163-64 (1996) (citing Picard v. Connor, 404 U.S. 270 (1970)). Federal courts may not review claims that were not exhausted and are now procedurally barred from being presented to the state's highest court, unless the petitioner establishes cause for the default and prejudice resulting from the alleged violations. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (petitioner's failure to present his federal habeas claims to highest state court "in a timely fashion has resulted in a procedural default of those claims"); Coleman v. Thompson, 501 U.S. 722, 735 n.1, 749-50 (1991).

In appealing the denial of petitioner's amended PCR petition, his counsel prepared and submitted "Section A" of a Balfour brief to the Oregon Court of Appeals. Resp. Ex. 145. In it, counsel stated that he had attempted to identify any arguably meritorious issues on appeal and provided petitioner the opportunity to "draft and submit a Section B brief with the assistance of counsel," but that petitioner chose to attach a copy of his amended PCR petition instead. Resp. Ex. 145 at p. 4. Petitioner's counsel submitted a similar petition for review with the Oregon Supreme Court, stating that "Petitioner has filed a Petition for Post-Conviction Relief and makes all [of] the allegations set forth therein," and that discretionary review should be granted because "[t]he case presents significant issues of law" and "[t]he errors result[ed] in a serious and irreversible injustice. . . ." Resp. Ex. 147 at pp. 3-

4. Notably, a copy of petitioner's amended PCR petition was not attached to the petition for review submitted to the Oregon Supreme Court. Resp. Ex. 147. I find that the petitioner failed to fairly present his federal claims to the Oregon Supreme Court.

In Baldwin v. Reese, 541 U.S. 27 (2004), Reese sought review of the denial of his PCR petition with the Oregon Supreme Court. While Reese's petition for review "said that his *trial* counsel's conduct violated several provisions of the *Federal* Constitution," it "did not say that his separate *appellate* 'ineffective assistance' claim violated *federal* law." Id. at 30 (emphasis in original). Nevertheless, Reese argued and the Ninth Circuit agreed that he had fairly presented his claim of ineffective assistance of appellate counsel, because the Oregon Supreme Court could discern the federal nature of his claim by reading the decision of the Oregon Court of Appeals. Id. The Supreme Court disagreed:

> We recognize that the justices of the Oregon Supreme Court did have an "opportunity" to read the lower court opinions in Reese's case. That opportunity means that the judges *could have* read them. But to say that a petitioner "fairly presents" a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges *must* read the lower court opinions - for otherwise they would forfeit the State's opportunity to decide that federal claim in the first instance. In our view, federal habeas corpus law does not impose such a requirement.

Id. at 31.

The Court reasoned that such a requirement "would force state appellate judges to alter their ordinary review practices" and

"impose a serious burden upon judges of state appellate courts, particularly those with discretionary review powers." Id. Moreover, the Court did not find "such a requirement necessary to avoid imposing unreasonable procedural burdens upon state prisoners who may eventually seek habeas corpus." Id. at 32.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

Id. Thus, the Court held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Id.

Here, the petition for review submitted to the Oregon Supreme Court did not identify a federal claim or allege a violation of federal constitutional law. Consequently, to be apprised of petitioner's federal claims, the Oregon Supreme Court would have had to "read beyond" the petition for review and the appellate briefing to discover petitioner's alleged federal claims. Specifically, the Oregon Supreme Court would have had to review petitioner's Balfour brief presented to the Oregon Court of Appeals and peruse the attached, fifteen-page amended PCR petition alleging

almost 100 grounds for relief. This is the type of imposition on state appellate courts that was flatly rejected by the Supreme Court in Reese. 541 U.S. at 31-32.

Petitioner argues that Reese is distinguishable, because Reese failed to assert a federal constitutional basis in his petition for review while petitioner's amended PCR petition explicitly referred to the Sixth and Fourteenth Amendments in support of his ineffective assistance of counsel claims. However, petitioner elected to forgo the opportunity to present his claims within the confines of his appellate briefing. See Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir.) (to exhaust claim, litigant must present federal constitutional issue within the "four corners" of appellate briefing), cert. denied, 126 S. Ct. 348 (2005). Thus, I find such a distinction irrelevant where the petition for review did not assert a federal constitutional claim, cite a federal case addressing a federal constitutional claim, or otherwise alert the Oregon Supreme Court that petitioner sought to raise a federal constitutional claim. Reese, 541 U.S. at 32. Thus, I find petitioner's incorporation of his PCR petition by reference failed to "fairly present" the federal basis of his claims to the Oregon Supreme Court.

Petitioner does not dispute that he can no longer present his claims to the Oregon Supreme Court, and therefore, they are procedurally defaulted. See Or. Rev. Stat. §§ 138.071, 138.550(3),

138.650. Further, petitioner asserts neither cause for the default or prejudice resulting from the alleged constitutional violations. Therefore, review of petitioner's claims asserted in his Second Amended Petition is barred by procedural default.

CONCLUSION

For the reasons set forth above, the Second Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied (doc. 36). This case is dismissed.

IT IS SO ORDERED.

Dated this 22nd day of June, 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge